JOHN W. BURTON v. EMELINE ROBINSON.

*Error from Doniphan County.*

ATTACHMENT: AFFIDAVIT FOR.—An original affidavit in attachment may be amended so as to state formally and definitely what is already stated therein informally and indefinitely.

The following is substantially the affidavit involved:

The said Emeline Robinson, plaintiff, being first duly sworn, deposeth and saith that the said Emeline Robinson is a resident of Doniphan county, State of Kansas, and has commenced an action in said court against the said John W. Burton to recover the sum of $878, now

due and payable to the said plaintiff from the said defendant, on the several following causes:

*First*, On an account for board and lodging furnished defendant and his wife from the 12th day of January, 1859, to the 12th day of May, 1860, at defendant's request; and said Emeline Robinson believes that said board was worth the sum of five hundred and sixty dollars, ($560,) and that she ought justly to recover that amount thereof.

*Second*, For board and lodging furnished defendant at his request from the 1st day of December, 1866, to the 15th day of January, 1867; and said Emeline Robinson believes that said board was worth the sum of thirty dollars, ($30,) and that she ought justly to recover that amount thereof.

*Third*, For the sum of sixty dollars ($60) received by defendant for and on account of young cattle, the property of said Emeline Robinson, which were sold by said defendant in the year 1859, as defendant has informed plaintiff, and as said Emeline Robinson veribly believes.

*Fourth*, For the sum of one hundred and fifty-five dollars ($155) received by said John W. Burton, defendant, for and on account of two yoke of oxen, the property of plaintiff, Emeline Robinson, sold by said defendant about the year 1859, as defendant has informed plaintiff, and as said Emeline Robinson verily believes.

*Fifth*, The sum of seventy-three dollars ($73) received by said defendant for and on account of a cow, the property of said plaintiff, sold by said defendant about the year 1860, as said John W. Burton has informed plaintiff, and as said Emeline Robinson verily believes.

*Sixth*, For and on account of the sum of fifty dollars ($50) loaned by plaintiff to defendant about the year

1864, and which said sum the said defendant promised to pay plaintiff within a short time thereafter.

And said Emeline Robinson further saith that no part of said several sums have been paid by defendant, and that the same are justly due to plaintiff; that the said John W. Burton is a non-resident of the State of Kansas and is a resident of the State of Missouri, and further saith not.

Other facts in the case appear in the opinion of the court.

*A. Perry*, for plaintiff in error.

*D. M. Johnson* and *F. Babcock*, for defendant in error.

*For plaintiff in error, Perry*, submitted:

1. The statute requires the affidavit to show the nature of the plaintiff's claim. [*Comp. L.*, 155, § 200.] It does not appear from the affidavit how the third, fourth or fifth claims of defendant arose,—whether by contract or on account of a tort. Uncertainty in an affidavit will vitiate it. *Drake on Attach.*, § 104; 5 *Serg. and R.*, 450.

It is inferable from the affidavit that those causes of action arose by reason of a wrong; that defendant made a confession of it to plaintiff. If on a tort, then the affidavit should show that the cause of action arose wholly in this state. [*Laws* 1866, 182.] By this statute the defendant is not excused from showing on the trial that the cause of action arose wholly in this state.

2. If the statute requires the nature of the plaintiff's claim to be stated, it will be fatal if it fail to do so. *Drake on Attach.*, § 96; 6 *Wend.*, 553; *Smith v. Luce*, *id.*, 237.

VOL. V.—19.

It is yet in New York, under a statute like ours, which authorizes an attachment for the recovery of money only, a debatable question whether an attachment will lie for a tort. *See Drake on Attach.*, § 10, *and N. Y. authorities there cited.*

3. The affidavit does not show that the claim is just. [*Comp. L.*, 155, § 200.] This is a fatal defect. *Drake on Attach.*, § 95; 1 *Metc., Ky.*, 470.

4. The statutes require the affidavit to state the amount which the affiant believes the plaintiff ought to recover. There is no statement in the affidavit that the plaintiff ought to recover the amounts of her claims numbered three, four, five and six. *Drake on Attach.*, § 95; *Lathrop v. Snider*, 16 *Wis.*, 293.

5. But the error complained of is that the court erred in refusing to release the property attached, and permitted the plaintiff below to file an amended affidavit. The action of the court was substantially to refuse the motion to dissolve the attachment.

*a*) If the affidavit is defective in any of the essential requirements of the statute,—if it does not present a legal foundation for the issue of the writ,—there is nothing to give the court jurisdiction, and all proceedings fall to the ground. *Drake on Attach.*, §§ 84, 85; *Smith v. Luce*, 14 *Wend.*, 237; *id.*, 611; 4 *Hill, N. Y.*, 598; *Staples v. Fairchild*, 3 *Comst.*, 41.

*b*) The attachment is discharged unless the defect is waived, or is by statute amendable and amended. Our statute nowhere authorizes an amendment to the affidavit. Sections two hundred and thirty-seven and two hundred and thirty-eight of the code [*Comp. L.*, 162] point out how attachments are to be discharged. It has been urged that the amendment of the code [*L.* 1865, 131]

permitted an affidavit to be amended.   We take issue herewith.

If the affidavit is bad, without special statutory provisions authorizing amendment, the whole proceedings fall to the ground.   *Drake on Attach.*, §§ 83, 84, 85.

In New York, where they have a provision in their code in language identical with ours, [*Amend.*, '65,] it has been repeatedly held that if the affidavit is bad, proceedings under it cannot be maintained, and the attachment must be discharged.   5 *Abb. Dig.*, 323 *note*, 213; 6 *Abb. P.*, 33; *N. Y. Ch.*, *Sup. Term*, 1853, *Groneger v. Swartz.*

To permit an amendment under the circumstances of this case, is to exercise jurisdiction where the court has none.   To make an order that the property should not be discharged is to exercise jurisdiction, and the court could do no more in ordering it sold.

*Johnson & Babcock*, for defendant, submitted:

1.   The claims of plaintiff below, set out in the affidavit, were stated in such language as advised the defendant of the nature of the plaintiff's claim.   The total amount, and the amount of each claim are stated, which plaintiff below swears she believes she ought justly to recover of defendant.

2.   The claims, three, four and five, are upon implied contracts.   1 *Wait's L. Pr.*, 708; *Ross v. Curtiss*, 3 *Barb.*, 238, 240; *Murdock v. Aiken*, 29 *id.*, 59; *Cobb v. Dowes*, 6 *Seld.*, 335.

3.   An attachment is allowable in such cases.   A *tort* might be waived and an action brought upon the implied contract, and in that case it would not be necessary to state that the cause of action arose wholly within this

state. It does not appear from the affidavit, nor from the petition, that the causes of action are founded in *tort*. *Bac. Abr.*, "*Trover*," 676 ; *Lamire v. Dorell, Ld. Raym.*, 127.

4. The code only requires the "showing" of the nature of the plaintiff's claim, that it is just, etc. A "showing" is not a "statement," to that effect, in the words of the statutes. Hence, the affidavit need not be in the express language of the statute. *See* 10 *Mo.*, 273.

5. If the affidavit was really insufficient, the court below did not err in granting leave to amend. § 147, *Civil Code, Amend.*, '65. *See, on similar statute, Farman v. Walter,* 13 *How. Pr.*, 350 ; *Genin v. Barber,* 12 *Barb.*, 282.

*By the Court,* VALENTINE, J.

In this case an order of attachment was issued and levied upon the property of Burton, who was defendant in the court below; Burton moved the court to dissolve the attachment, on the grounds that the original affidavit, upon which the order was issued, was defective and insufficient to sustain the attachment. The court sustained the grounds of his motion, but not the motion itself. The court decided that the affidavit was defective; gave the plaintiff leave to amend the affidavit within ten days after the adjournment of the court, and did not dissolve the attachment.

The defendant complains of the rulings of the court, and brings the case to this court for review.

We shall assume that the affidavit was defective, and upon this assumption, or hypothesis, did the court err. That an affidavit for an order of attachment ATTACHMENT: Amending affidavit for. may generally be amended, there can be no doubt; [§ 1, *Laws of* 1865, 131 ; *Drake on At-*

*tachment*, § 113; 13 *How. Pr. R.*, 350, 359; 7 *Barb.*, 656, 660; 13 *Iowa*, 576,] and the only question then, in this case, is whether this particular affidavit may be amended. Perhaps it will be proper to here state, that no question was anywhere raised by demurrer, answer, affidavit, or otherwise, " that several causes of action were improperly joined." Hence if a portion of the plaintiff's causes of action were founded upon tort, and a portion of them founded upon contract, still as the defendant raised no objection, it must be deemed that he waived the same. § 98, *Comp. L.*, 140.

We think it was proper to allow the plaintiff to amend her affidavit in this case. She did not ask to amend by stating a new cause of action, or by stating a new ground for the attachment, or anything of that kind. All she asked was for leave to state more definitely, and formally, what she had already stated indefinitely, and informally. The court properly granted such leave and, therefore, the order of the court below must be affirmed.

All the justices concurring.

