## JOSEPH BROWN v. A. H. HOLMES.

1. DEFAULT; DILIGENCE; *Leave to Answer; Terms.* Where through mistake or inadvertence a party is in default of an answer to a petition, he should (if he desires to answer) promptly apply to the opposite party, or to the judge of the court, for leave to file an answer, and not wait until the court convenes to make his application. Where the opposite party does not consent that an answer may be filed, diligence must be shown, merits must appear, and terms may be imposed; but the court or judge cannot act oppressively or arbitrarily on the question of granting leave to answer.

2. DISCRETION OF COURT; *Abuse of; Refusal of Leave to Answer.* In an action to recover a personal judgment on three promissory notes for an amount in excess of $2,000, where the summons recites the answer-day as December 6th, and bears an indorsement on the back by the clerk that the answer-day is December 16th, and the copy served also contains this indorsement, and the defendant being misled thereby delays to December 10th to consult an attorney in regard to filing an answer for him in the action, and then is first advised that he is in default, and that his answer was due December 6th, and before judgment is taken in the action, and at the first term of the court thereafter, makes his application to set aside the default, and for leave to file his answer, and shows he was misled by the erroneous indorsement on the copy of the summons served, and presents an affidavit of merits to the effect that he never executed and delivered the notes alleged in the petition, and the court arbitrarily overrules the motion and proceeds to render judgment on default against said defendant, *held,* that there is such an abuse of discretion on the part of the district court as to require, upon review, its ruling to be reversed.

*Error from Lyon District Court.*

ALL necessary facts and proceedings appear in the subjoined opinion. Judgment was given in favor of *Holmes*, and *Brown*, defendant, brings the case here.

*Gillett & Forde*, for plaintiff in error.

*E. W. Cunningham*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The only question presented by the record is, whether there was an abuse of discretion by the district court in refusing to allow the plaintiff in error to file an answer out of time. The facts were substantially <span>Statement of the case.</span> these: The defendant in error commenced his action in the court below to recover upon three promissory notes, secured by a mortgage on real estate. The amount in controversy was in excess of $2,000. In the summons issued by the clerk the answer-day was stated as December 6th, but the clerk indorsed on the back of the summons that the answer-day was December 16th. The plaintiff in error failed to consult any attorney in the matter until the 10th of December, and upon applying to one to file an answer for him before the 16th, first understood that the answer-day was December 6th. This was in 1873. At the March term 1874, and being the first court held after the answer-day, and before judgment in the case, the plaintiff in error made application to the district court to set aside the default, and for leave to answer. An affidavit of merits was filed, to the effect that "said Brown was informed by counsel and verily believed he had a valid defense to the petition, and that one of his defenses, among others, was that he never executed and delivered the notes alleged in plaintiff's petition, and that this defense was true," and also made the showing as to his being misled by the wrong indorsement on the back of the summons. The court overruled the application, and gave judgment upon the notes,

decreed a sale of the mortgaged premises, and rendered a personal judgment for any deficiency.

The ruling of the district court was such an abuse of discretion as to call for the intervention of this court.  It is

1. Leave to answer; diligence.

true, greater diligence might have been exercised by the plaintiff in error, as his counsel should have applied at once for leave to file an answer, after having ascertained the default, and not have waited till the court convened to make the application.  But as the plaintiff in error was evidently misled by the incorrect indorsement of the summons, and as his affidavit of merits showed a defense, the court below should have allowed the motion.  While the permission to parties in default to

2. Discretion of court; abuse.

file pleadings rests in the sound discretion of the courts to which applications are made, the courts cannot act oppressively or arbitrarily thereon.  Of course, terms may be imposed, diligence must be shown, and merits must appear.  Here the defendant was misled by the summons served, the cause had not been called for trial, a large sum was involved, and a complete defense stated.  An answer should have been allowed.

The counsel for the defendant in error suggests that the affidavit of merits was adroitly worded, to convey one idea with words that meant another than an honest purpose to set forth a good and valid defense.  This does not appear; and we cannot assume that any attorney would be guilty of the bad faith of having his client make oath that he never executed and delivered the notes sued on, simply to take an advantage of a clerical error in dotting an *i* or crossing a *t*. Again, this counsel suggests that the plaintiff in error should have accepted the order of the court, that leave would be given to file an answer if the applicant would swear he did not owe Holmes the amount sued for, or would present his answer sworn to.  Nothing of this character is contained in the record, and if any such order was made or suggested, it has been omitted from the transcript brought to this court. We can only pass upon the record as certified to us, when

37—19 KAS.

that purports to be a full and complete copy of all the proceedings, and no omissions are suggested.

The judgment rendered will be set aside, and the order of the district court overruling the application of the plaintiff in error to file an answer in the case, will be reversed.

All the Justices concurring.