CHARLES F. PIERCE, *et al.,* v. CHARLES E. BUTTERS, *et al.*

1. AFFIDAVIT FOR SERVICE BY PUBLICATION, *When Defective; Service, Voidable.* Where an affidavit for service by publication states that service of summons cannot be made upon the defendant within the state, and that the action is for foreclosure of a certain mortgage upon real estate, but fails to state or show that the defendant is a non-resident of the state, or that he is in any manner attempting to avoid the service of summons, *held,* that such an affidavit is defective because of said failure, and that a service made thereon is voidable, but that it is not void if it is sufficient in every other respect.

2. SERVICE BY PUBLICATION, *When Sufficient; Proof of Service, When Defective.* Where service is made by publication, the service will be sufficient if the notice be published for three consecutive weeks — and three insertions in a weekly newspaper are sufficient; but the notice must be published for at least three consecutive weeks. Hence, where the notice is properly published for the requisite period of time, but the affidavit filed in proof thereof shows that the notice was published for only two weeks, *held,* that the service was sufficient, but that the proof thereof is defective and insufficient.

3. APPRAISEMENT WAIVED; *Judgment for Immediate Sale, Erroneous.* Where a mortgage contains the words, "appraisement waived," and the judgment rendered thereon orders the *immediate sale* of the mortgaged property, *held,* that the judgment is erroneous.

4. AMENDMENTS, *When Properly Made.* Where all the foregoing defects and errors occurred in a case, and the defendant then takes the case to the supreme court on petition in error, and the plaintiff afterward, upon due notice to the defendant, and with leave of the trial court, amends the proceedings as follows: First, by filing an amended affidavit for publication, showing all that the first affidavit showed, and, in addition thereto, that the defendant was a non-resident of the state at the time the suit was commenced; second, by filing an amended affidavit, showing that the notice was published properly for the period of three weeks; and third, by amending the judgment so as to stay all proceedings under it for six months, *held,* that all the foregoing amendments might properly be made.

5. AMENDMENTS — *Transcripts thereof Filed in Supreme Court; Judgment Affirmed; Costs.* Afterward the plaintiff below, defendant in error, filed in the supreme court, and with the papers in the case, a duly-certified transcript of all the foregoing amendments and the proceedings connected therewith: *held,* that upon the record of the case as it now appears in the supreme court (including said supplemental proceedings), the judgment of the court below should be affirmed; but that upon the record of the case as it appeared in the supreme court, and in the court below, when the case was first brought to the supreme court, the judgment of the court below should have been reversed, and therefore, *held,* that the judgment will be affirmed upon the record as it now stands, but that the defendant in error will be required to pay all costs that accrued in this court up to the filing of said supplemental transcript. The plaintiff in error will pay the costs subsequently accruing.

## Error from Lyon District Court.

ACTION on a note and mortgage, brought by *Butters,* against *Charles E. Pierce* and four other defendants. Service of summons was made by publication only. At the

March Term, 1877, of the district court, judgment was rendered in the court below on default (none of the defendants appearing in the case) in favor of plaintiff and against the defendants, and the mortgaged property was ordered to be sold. Defendants below bring the case here for review. All necessary facts and proceedings are sufficiently stated in the subjoined opinion.

*Ruggles, Scott & Lynn* for plaintiffs in error:

The facts are, that the court below rendered judgment against the plaintiff in error, foreclosing a mortgage on default, the only service being by publication, with a decree for immediate sale of premises, when the mortgage "waived appraisement."

We claim that the court erred in rendering judgment on the publication in this case, the affidavit being bad, not stating that defendants were non-residents of the state, or that they being residents in any manner avoided service. For this reason we think the service is bad on a direct proceeding in error to reverse, while it might be good against a collateral attack. (*Shields v. Miller*, 9 Kas. 390; *Ogden v. Walters*, 12 Kas. 282; *Claypoole v. Houston*, 12 Kas. 324.)

We think the court erred in awarding execution presently in this case, for the statute expressly provides that where appraisement is waived in a mortgage, execution of the decree for sale must be stayed six months. (*Reynolds, et al., v. Quaely, et al.*, 18 Kas. 361.)

*Cunningham & McCarty,* for defendants in error:

1. The affidavit for publication was sufficient. The reasoning in *Ogden v. Walters*, 12 Kas. 294, must be conclusive on this point. While the affidavit is not as full as it might be, it states "inferentially" all that is required. If the affidavit was bad, it was cured by amended affidavit in supplemental record. An affidavit for attachment, which is as largely a jurisdictional matter as the affidavit in question,

can be amended. (*Robinson v. Burton*, 5 Kas. 293.) Why not this? (See also, 9 Kas. 680.)

2. The proof of publication was sufficient, it affirmatively showing that it was published *three* weeks. Other evidence could be introduced to prove this beside this affidavit. The court finding a sufficient publication was made, it must be presumed that other evidence was introduced. (*Sloan v. Graham*, Ill. Sup. Ct., Central Law Journal, July 27, 1878, p. 95.) If there was a defect in this, it was also cured by the amendment permitted. (9 Kas. 674.)

3. Whatever may have been decided by this court in *Reynolds v. Quaely*, we can hardly think a judgment will be reversed and remanded for a new trial, on account of error, if error it is, in awarding execution presently in a case like the present. An error of the clerk in entering up such judgment, which was never so awarded by the court, and never attempted to be carried into execution by the plaintiff, seems to us hardly such an error as demands so radical treatment, especially when it appears as in this case by the supplemental record, that the very relief desired has by the court been awarded, and execution stayed; which amendment was entirely proper. (43 N. H. 313, 508.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a note and mortgage. Service of summons was made by publication only. The affidavit upon which the service of summons was made stated that the service could not be made on any of the defendants within the state, and that the action was one for the foreclosure of a certain mortgage on real estate, but the affidavit did not state or show that the defendants were nonresidents of the state, or that they in any manner attempted to avoid the service of summons. In this we think the affidavit was defective.

The affidavit concerning the publication of the notice stated that the notice was published in a weekly newspaper, and then stated that the notice "was published in said paper for

three consecutive weeks, the first publication being made on the 13th day of April, 1877, and the last publication being made on the 20th day of April, 1877." This affidavit we think was defective in showing that the notice was not published for the period of three weeks.

Judgment was rendered in the court below on default (none of the defendants appearing in the case) in favor of the plaintiffs and against the defendants, and the mortgaged property was ordered to be sold immediately, although the mortgage contained the words "appraisement waived." In ordering an immediate sale of the mortgaged property we think the court below erred.

Upon these proceedings, the defendants below, as plaintiffs in error, then brought the case to this court and asked for a reversal of the judgment below, because of said defective affidavits, and because of the order for the immediate sale of said property. With reference to the first affidavit, they cite the cases of *Shields v. Miller,* 9 Kas. 390; *Ogden v. Walters,* 12 Kas. 282; and *Claypoole v. Houston,* 12 Kas. 324; with reference to the second affidavit, they cite the General Statutes of Kansas of 1868, page 643, section 74; and with reference to the immediate sale of said property, they cite *Reynolds v. Quaely,* 18 Kas. 361.

After this case was brought to the supreme court, the defendants in error, plaintiffs below, discovered the said defects and errors in their case, and, after due notice to the adverse party, and with leave of the court below, amended the defective and erroneous proceedings in the following particulars to wit: they amended the first affidavit by filing a new and amended affidavit, stating and showing that at the time of the commencement of this suit all of the defendants were non-residents of the state, and that service of summons could not be made upon any of them within this state, and that the action was and is one to foreclose a mortgage, &c. This amended affidavit was sufficient. They amended the other affidavit by filing a new and amended affidavit, showing that said notice was published in said weekly newspaper "for three consecu-

tive weeks, to wit, April 13th to April 27th, 1877"—that is, we construe the affidavit to mean, that there were three insertions of the notice in the said newspaper, to wit, one on April 13th, one on April 20th, and one on April 27th, 1877, and, with this construction, we think the affidavit as thus amended was sufficient. With reference to the publication of notices in newspapers, see *Reed v. Sexton,* 20 Kas. 195, 200, 201. Said judgment was amended so as to stay all proceedings under it for six months from the rendition thereof.

After these amendments were made, and before the case was heard in this court, the defendants in error, plaintiffs below, filed in this court, and with the papers in the case, a certified transcript of such amendments, and of the proceedings of the court below connected therewith. Now with these amendments we think the judgment of the court below ought to be affirmed.

That affidavits may in many cases be amended, we suppose will not be controverted. (Code, §139; *Burton v. Robinson,* 5 Kas. 287; *Robinson v. Burton,* 5 Kas. 293; *Foreman v. Carter,* 9 Kas. 674, 680, *et seq.*) And that both the affidavits in this case may be amended, see last case above cited. The original affidavit for service by publication was not void. (*Ogden v. Walters,* 12 Kas. 283, 293, 294.) And neither was the publication of notice void because of the defective proof of such publication. (*Foreman v. Carter,* ante, and *Challiss v. Headley,* 9 Kas. 684, 687.) And as to amending the return on original process so as to make it show that the defendant was regularly served, see *Kirkwood v. Reedy,* 10 Kas. 453. The affidavit of publication and the publication together were sufficient in this case to bring the defendants into court. Such affidavit and publication were at most only voidable; and as the affidavit for publication and the affidavit in proof of publication were both amended and made sufficient before either of the affidavits or the publication was set aside or voided, neither of them will now be set aside or voided. That is, the first affidavit was defective, but not void. The publication of the notice taken by itself was regular and

9 — 21 KAS.

valid, but taken in connection with the affidavit for publication, was irregular and voidable, but not void. The service, therefore, though defective, was sufficient until set aside by some direct proceeding instituted for that purpose. If the first affidavit or the publication of notice had been void, then the proceedings could not have been amended. For where defendants are not brought into court by the original proceedings, then no amendments can be made that will bring them into court, and the proceedings will remain void. Whether the second affidavit, that is the affidavit in proof of publication, was void or only voidable, makes but little difference; for defendants are brought into court not by the proof of service, but by the service itself. It therefore makes but little difference whether we consider the amendment to this affidavit as an amendment or as a new and original affidavit, for the amended affidavit was sufficient in and of itself.

We shall affirm the judgment of the court below in this case, for upon the record of the case as it now appears in this court (including said supplemental proceedings), it ought to be affirmed. We shall, however, require that the defendants in error pay all costs that accrued in this court prior to the filing of said supplemental transcript; for, as the record of the case appeared in this court up to that time, and as it appeared in the district court at the time the case was brought to this court, and up to the time when said amendments were made, the judgment should have been reversed, and the defendants in error should have paid all costs accruing in this court. The plaintiffs in error will be required to pay all costs accruing in this court since said supplemental transcript was filed.

Judgment affirmed.

All the Justices concurring.