WELLS, FARGO & COMPANY v. J. S. DANFORD, *et. al.*

1. ATTACHMENT, *Discharge of, at Chambers.* A judge of the district court has power at chambers to discharge or dissolve an attachment, and this authority also carries with it the power to hear and dispose of all intermediate questions arising upon such a motion, including the granting of a continuance, and the allowing of an amendment to the attachment affidavit.

2. AFFIDAVIT, *Leave to Amend, Erroneously Denied.* Where the affidavit filed to obtain an attachment is merely defective, and a motion is made before a district judge at chambers to dissolve the attachment, on the ground that the affidavit upon which the attachment was issued is insufficient on account of the failure to state the nature of the plaintiff's claim against defendant, and upon the hearing of such motion the plaintiff makes application to the district judge to amend the affidavit, by setting forth the nature of his claims against the defendant, the district judge should not refuse the application; and if, after denying such application, he dissolves the attachment for the reason alleged, the order is erroneous, and will be reversed.

*Error from Sumner District Court.*

ACTION by *Wells, Fargo & Co.* against the *Merchants' and Drovers' Bank of Caldwell, Kansas, J. S. Danford* and *W. D. C. Smith,* to recover the sum of $8,000, with interest at the rate of seven per cent. from the 30th day of November, 1881. The petition was filed on the 5th day of December, 1881, in the district court of Sumner county, upon two drafts drawn by the bank on the 22d day of October, 1881, upon the Chase national bank, of New York city. · Each draft was payable to the order of O. C. Brown, for the sum of $4,000, which drafts were afterward indorsed by O. C. Brown, and at the commencement of this action the plaintiffs were the holder and owner thereof. Upon presentation the drafts were refused payment, and thereupon were duly protested for non-payment. The petition also alleged that at the time the drafts were drawn by the Merchants' and Drovers' bank, J. S. Danford was the duly qualified, authorized and acting president of the bank, and W. D. C. Smith was the duly qualified, authorized and acting cashier thereof; that the bank was insolvent

and in failing circumstances, which was well known to defendants Danford and Smith at the time the drafts were drawn; that Danford and Smith had full knowledge of the drawing of the drafts, and consented thereto, and also consented to the Merchants' and Drovers' bank receiving the money for the drafts, well knowing at the time that there would not be money in the Chase national bank to pay the drafts when presented for payment. At the time plaintiffs filed their petition they also filed an affidavit for attachment, a copy of which affidavit, omitting court and title, is as follows:

"John M. Graham, being duly sworn, says: That he is one of plaintiffs' attorneys in the above-entitled action; that said plaintiffs have commenced said action against the defendants, the Merchants' and Drovers' bank, J. S. Danford, and W. D. C. Smith, for the recovery of $8,000; that said defendants are indebted to said plaintiffs in said sum, on two certain drafts for $4,000 each, drawn by said defendant, Merchants' and Drovers' bank, on the Chase national bank of New York city, (in the state of New York,) and payable to O. C. Brown or order, on demand, which said drafts were afterward indorsed to said plaintiffs, and duly protested for non-payment; that said claim is just, is due, and is wholly unpaid; that said affiant believes said plaintiffs ought to recover of said defendants said sum of $8,000; that said defendant is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors, and is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors, and has property and rights in action, which he conceals, and is about to assign, remove, and dispose of his property, or a part thereof, with the intent to defraud, hinder and delay his creditors, and has assigned, removed and disposed of his property, or a part thereof, with the intent to defraud, hinder and delay his creditors, and fraudulently contracted the debt, and incurred the liability and obligation for which the above-named suit has been brought.

(SEAL.)                                        JOHN M. GRAHAM.

"Subscribed and sworn to before me, this 5th day of December, 1881.          C. W. MORSE, *Clerk District Court.*"

On the 26th day of November, 1881, an order of attach-

ment was issued by the clerk of the district court against the property of the defendants, and on December 7, 1881, this order was levied upon certain personal and real property belonging to the defendants.  On the 9th of March succeeding, the defendants J. S. Danford and W. D. C. Smith, made their motion in writing to dissolve the attachment as to them, upon the ground and for the reason that the affidavit upon which the attachment was issued was wholly insufficient to warrant or authorize the issuance of any order of attachment against them, or either of them, as it wholly failed to state the nature of the plaintiffs' claim against defendants, or either of them, and that therefore the order of attachment was issued without any authority of law.  At the hearing of the motion, plaintiffs made application to amend the affidavit filed for the attachment so as to make it show the nature of plaintiffs' claim against defendants, and each of them.  The application was objected to by the defendants, and the objection was sustained by the district judge; and thereupon the district judge dissolved the attachment as to Danford and Smith. To this ruling the plaintiffs excepted, and bring the case here.

*Herrick, George & Graham,* for plaintiffs in error.
*Sterry & Sedgwick,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The affidavit filed in this case to obtain an order of attachment against the property of defendants, Danford and Smith, was defective, as it failed to set forth the nature of the plaintiffs' claim.  The question therefore occurs, whether the district judge should have granted the plaintiffs' request for leave to amend the affidavit.  This court long ago decided that an affidavit for an order of attachment may generally be amended. (*Burton v. Robinson,* 5 Kas. 287.)  Counsel for defendants contend, however, that a judge at chambers has not this power.  It is true that this court, in the case of *Burton v. Robinson,* supra, referred to § 1, ch. 55, Laws of

1865, as authority to amend affidavits filed to obtain attachments. This section was an amendment to § 147 of the code of 1859, and is identical with § 139 of our present code; but § 147 of the code of 1859, prior to the amendment of 1865, was sufficiently broad in its terms to authorize defective affidavits in attachments to be amended upon the order of the court. The code of 1859 did not confer upon a judge of the district court the power to dissolve an attachment in vacation. The power under that code was limited to the court. (*Reyburn v. Bassett*, McCahon, 86.) Subsequently, the legislature conferred this power on the judge in vacation. (Comp. Laws 1862, ch. 68, § 3; Comp. Laws 1879, ch. 28, § 2.) Under this subsequent legislation, a judge of the district court has power at chambers to discharge an attachment, and to grant . . . all necessary interlocutory orders. (*Shedd v. McConnell*, 18 Kas. 594.) Conferring this power upon a district judge at chambers also carried with it the power previously conferred on the district court for the like purpose. The statute giving the judge in vacation or at chambers the authority to discharge attachments, and to grant all necessary interlocutory orders, necessarily carries with it the right to hear and dispose of all intermediate questions arising upon such a motion. Thus a judge at chambers has the right to hear and determine upon a motion to dissolve or discharge an attachment, and the question of the continuance of the hearing, and likewise of an application for amendments. The proper order to be made before the judge upon a motion to discharge an attachment on the ground of a defective affidavit, is that the attachment shall be dissolved unless the plaintiff within a designated time file a sufficient amended affidavit. As the district judge hearing the case at chambers had the right to permit the defective affidavit to be amended, and as the allowance of the amendment asked to be made by plaintiffs was in the furtherance of justice, such application should have been granted. (*Gaylord v. Stebbins*, 4 Kas. 42; *Robinson v. Burton*, 5 Kas. 293; *Ferguson v. Smith*, 10 Kas. 396; *Brown v. Holmes*, 19 Kas. 567.)

The order of the district judge dissolving and setting aside the order of attachment·on the motion of the defendants must be reversed, and'the cause remanded for further proceedings.

All the Justices concurring.