## W. O. HARRISON v. JAMES H. BEARD, et al.

SERVICE by *Publication; Defective Affidavit; Amendment.* An affidavit for service by publication, made by the authorized agent of the plaintiff, which is otherwise correct, but closes with the words, "to the best of his knowledge, information, and belief," and thereby qualifies the prior declarations contained therein, is defective and insufficient, but not void; and the plaintiff, after judgment, is entitled, with the leave of the trial court, to make the affidavit positive and sufficient by amendment.

### *Error from Cloud District Court.*

THE nature of the action, and the facts, appear in the opinion. The plaintiff *Harrison* brings to this court certain rulings and orders made at the August Term, 1883, of the district court.

*F. W. Sturges,* and *Thos. Kennett,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action on certain notes secured by a mortgage upon real estate. Service of summons

was made on certain of the defendants by publication only. The affidavit upon which service was obtained was made by one C. W. McDonald, the authorized agent of the plaintiff, and concluded with the words, "to the best of his knowledge, information and belief." Judgment was rendered as prayed for in the petition, and the mortgaged premises sold thereunder. A motion was afterward filed by the plaintiff to confirm the sale. One of the defendants filed a motion to set aside the judgment, on the grounds that no affidavit was filed before service was attempted to be made, and that the court had no jurisdiction over the persons of the makers of the notes and mortgage. Thereupon the plaintiff interposed his motion for leave to amend the affidavit upon which the service of summons was made. Upon the hearing of these motions, the court decided that the affidavit for publication could not be amended, and therefore refused to permit the plaintiff to amend the same, and set aside the judgment, sale, and all proceedings against the makers of the notes and mortgage, subsequent to the filing of the petition.

We think that the words, "to the best of his knowledge, information, and belief," at the end of the affidavit, qualified and restricted the prior declarations contained therein; and therefore that the affidavit was defective and insufficient. (*Atchison v. Bartholow,* 4 Kas. 124.) While the affidavit was thus defective and insufficient, it was not wholly void; therefore as the amended affidavit was positive and sufficient, the court erred in not permitting the affidavit for publication to be amended. (Code, § 139; *Burton v. Robinson,* 5 Kas. 287; *Pierce v. Butters,* 21 id. 124.)

The order and judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.