H. M. WEAVER *et al.* v. R. H. LOCKWOOD *et al.*
No. 23.

SERVICE BY PUBLICATION—*Amendment of Affidavit.* Where an affidavit made to procure notice by publication under section 74 of the code of civil procedure is merely defective, the defect may be cured by amendment after publication notice has been made.

MEMORANDUM.—Error from Ford district court; A. J. ABBOTT, judge. Action to foreclose a mortgage by R. H. Lockwood and J. W. Clendenin against H. M. Weaver and others. Judgment for plaintiffs. De-

fendants bring the case to this court. Affirmed. The opinion herein, filed January 17, 1896, states the material facts.

*Sutton & McGarry*, for plaintiffs in error.
*Huston & McColloch*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J. : On the 2d day of May, 1887, Oliver Marsh and Clarissa A. Marsh made their promissory note, payable to R. H. Lockwood and J. W. Clendenin, and to secure the payment of this note and the money to become due thereon they executed and delivered to the payee therein named a mortgage on land situated in Ford county, Kansas. The conditions of the note and mortgage having been broken, the payees of the note and mortgage, on the 9th day of February, 1889, commenced suit in the district court of Ford county, Kansas, to recover judgment upon this note and for a decree of foreclosure of the mortgage, and in the suit a number of persons other than the payers and mortgagors were made defendants, for the reason, as stated in the petition of the plaintiffs below, that since the execution of said mortgage said persons had acquired some interest in or lien upon the mortgaged premises, which interest and lien were inferior and subordinate to and subject to the lien of the plaintiffs. Upon the filing of the petition and precipe, a summons was issued by the clerk of said court, directed to the sheriff of said county, and all of said defendants were duly served with summons by the sheriff except Wiler, Ackerland & Co., Herman Mier, Mrs. S. H. Overhuls, H. M. Weaver, E. O. Jones, and H. H. Kimbrel. On the 9th day of July, 1889, the plaintiffs, by their attorney, made and filed an affidavit of non-residency of defend-

ants Wiler, Ackerland & Co., Herman Mier, Mrs. S.
H. Overhuls, E. O. Jones, H. H: Kimbrel, and H. M.
Weaver, setting forth that each of them is a non-resi-
dent of the state of Kansas, that service of a summons
cannot be made on said defendants within the state
of Kansas, and that plaintiffs, with due diligence,
are not able to make service upon them or either
of them within the said state of Kansas. Said affi-
davit states that the action was for the foreclosure of
a mortgage on lands in Ford county, Kansas, describ-
ing the land; and afterward, to wit, on the 11th day
of July, 1889, the plaintiffs below caused a notice of
publication to be published for three consecutive
weeks in a newspaper printed and published in Ford
county, and of general circulation therein, as required
by section 74 of the code of civil procedure, and made
due proof of such publication before the court. On
the 6th day August, 1889, the defendants E. O. Jones,
H. H. Kimbrel, and H. M. Weaver, by their attorneys,
appeared specially in court, and filed a motion to set
aside and hold for naught the publication summons
in this case, for the reason that the same does not de-
scribe the mortgage on which the plaintiffs' cause of
action is based, as required by law, and does not state
the nature of the judgment to be rendered against
these defendants. At the January term, 1890, of said
court, this motion was sustained by the court, and
the publication notice set aside and held for naught;
and thereafter, on the 6th day of March, 1890, the
plaintiffs, without filing another affidavit, thereafter
caused the service to be made on said defendants by
publication for three consecutive weeks in a news-
paper printed and published in Ford county, Kansas,
and of general circulation therein, as required by sec-
tion 74 of the code of civil procedure, and made proof

to the court of such publication; and the defendants
H. M. Weaver, E. O. Jones, and H. H. Kimbrel, by
their attorneys, again appeared specially for the pur-
pose of a motion only, and moved the court to set
aside and hold for naught the publication service of
summons, for the reason that no affidavit for service
by publication was made by any one and filed therein
for said service by publication on these defendants;
that the affidavit for publication service on these de-
fendants on which said service was based was made
on July 9, 1889, about eight months before said service
by publication was made. On application of the plain-
tiffs, the court permitted them to make and file an
amendment or supplement to their original affidavit
for publication, to which ruling of the court these de-
fendants, by their attorneys, excepted, and thereupon
plaintiffs filed an amended or supplemental affidavit
stating the following facts.

"B. F. Milton on his oath says, that he is an attor-
ney for plaintiffs; that as such attorney he made the
within affidavit, dated July 9, 1889; that he now
amends said affidavit so that the same shall stand and
include the following additional statement: Affiant
says the facts as to non-residence of the defendants
Wiler, Ackerland & Co., Herman Mier, Mrs. S. H.
Overhuls, H. M. Weaver, E. O. Jones and H. H. Kim-
brel were true from said date, July 9, 1889, up to and
on said March 6, 1890, when a new service by publi-
cation was made, and that at no date during the time
intervening were plaintiffs able, with due diligence,
to make service of summons upon said defendants
personally within the state of Kansas, for that said
defendants were at and between said dates non-resi-
dents of said state of Kansas. All other allegations
of the within affidavit are hereby referred to and
made a part hereof, and the same continued to be true
from the date as above stated up to and on March 6,
1890."

The motion of defendants to set aside and hold for naught the publication service was overruled by the court, and defendants duly excepted. Afterward, at the September, 1890, term of the court, judgment was rendered upon said note against Oliver Marsh and Clarissa A. Marsh for the amount due as principal and interest thereon, and a decree of foreclosure of such mortgage against all of the defendants named in the petition, the court making the following findings :

"That said defendants, Oliver Marsh, Clarissa A. Marsh, H. M. Weaver, E. O. Jones, H. H. Kimbrel, J. H. Crawford, Lewis Wiler, Isaac Wiler, William Ackerland, Max Ackerland, and E. A. Wiler, doing business under the firm name of Wiler, Ackerland & Co., George Ingleheart, Robert Winnie, and John A. Johnson, doing business as Ingleheart, Winnie & Co., J. H. Crawford, Peter Smith, Herman Mier, M. V. Markley, Mrs. S. H. Overhuls, J. S. Marcus, Steven Field, as assignee of O. Marsh & Sons, were duly summoned to appear in this action. And the court further finds, that said plaintiffs have a lien on the real property in said petition described, by virtue of the mortgage in said petition set out, to secure the payment of said indebtedness, subject, however, to the lien of —— dollars described in said petition."

At the same term of court at which the decree was taken, the defendants H. M. Weaver, E. O. Jones and H. H. Kimbrel filed their motion to set aside the judgment of foreclosure rendered against them, for the reason that it is void for want of jurisdiction over them, which motion was overruled by the court, and these defendants duly excepted, and the court allowed them 90 days to make and serve a case for the supreme court. Case was made, signed and settled and filed with petition in error in the supreme court, and afterward duly certified to this court by order of the supreme court.

The only error complained of by plaintiffs in error is that the court erred in permitting plaintiffs below to amend their affidavit for publication notice, and rendering judgment against these defendants upon such service. The original affidavit, filed July 9, 1889, contained all the facts that were required under section 73 of the code of civil procedure, and was in every way sufficient to authorize the service of summons on defendants by publication; and the publication notice based on this affidavit, being set aside because it did not comply with the requirements of section 74 of the code of civil procedure, left the affidavit for publication just as though no attempt to give notice by publication had been had, and the plaintiffs could proceed and give another notice by publication on this affidavit, as it had not spent its force nor was not void, and could properly be the basis of another publication service; and when the publication notice had been made based on this affidavit, any defect which was found to exist in the affidavit could be cured by amendment. (Gen. Stat. 1889, ch. 80, § 139.) In *Pierce v. Butters*, 21 Kan. 128, VALENTINE, J., speaking for the court, says:

"After this case was brought to the supreme court, the defendants in error, plaintiffs below, discovered the said defects and error in their case, and with due notice to the adverse party, and . . . . with leave of the court below, amended the defective and erroneous proceedings in the following particulars to wit: They amended the first affidavit by filing a new and amended affidavit, stating and showing that at the time of the commencement of this suit all of the defendants were non-residents of the state, and that service of summons could not be made upon any of them within this state, and that the action was and is one to foreclose a mortgage, etc. This amended affidavit was sufficient. . . . . Now, with these

amendments, we think the judgment of the court below ought to be affirmed.''

In the case of *Harrison v. Beard*, 30 Kan. 532, the supreme court says :

'' While the affidavit was thus defective and insufficient it was not wholly void ; therefore, as the amended affidavit was positive and sufficient, the court erred in not permitting the affidavit for publication to be amended.''

There being no error in the proceedings of the district court, the judgment is affirmed.

All the Judges concurring.