FRED L. MORRIS, *Appellant,* v. J. R. HARDIE *et al.* (H. M. DOOLITTLE *et ux., Appellees*).

No. 16,662.

### SYLLABUS BY THE COURT.

JUDGMENTS—*Publication Service—Amendment of Proof of Publication on Motion to Vacate the Judgment.* Pending the hearing of a motion to vacate a judgment rendered by default upon constructive service, the plaintiff by leave of the court filed amended proof of publication, showing that notice of the pendency of the action had been duly published for the required time, as provided by the civil code, although the proof of publication originally filed and upon which the judgment was entered showed that publication had not been made for

the requisite time. It is *held*, that such amended proof was properly allowed, and due publication having been shown thereby the motion to vacate the judgment ought to have been denied.

Appeal from Kearny district court. Opinion filed February 11, 1911. Reversed.

*Bennett R. Wheeler,* and *J. F. Switzer,* for the appellant.

*O. H. Foster, Edgar Foster,* and *H. O. Trinkle,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from an order vacating a judgment on the ground of irregularity in obtaining it. (Civ. Code, § 596, subdiv. 3.) The irregularity alleged in the motion was that the judgment was rendered by default upon service by publication only, and that the notice thereof had not been published for the time prescribed by the code.

On the hearing of the motion the appellant, the plaintiff in the action, was allowed to and did show, by amended proof, that the notice had in fact been published as the law required, although it appeared from the original affidavit of publication, filed when the judgment was entered, that the notice had not been published for the requisite time. After the amended proof had been filed the court vacated the judgment, and ordered that the appellees (grantees of defendant Hardie, who had succeeded to his rights in the land) should be allowed to plead in the action. These are the orders appealed from.

When proof was filed showing that proper publication had been made the apparent irregularity vanished. There was in fact no irregularity in the service, although it so appeared from the proof on file, until additional proof was made.

"Where a defendant has not been regularly served

by summons, or publication of notice, the record can not be amended after judgment so as to bring him into court and sustain the judgment.    But where a defendant has been regularly served, and there is simply a defect in the return of the officer, or the proof of publication, that defect can be cured by amendment, so as to conform to the facts." (*Foreman v. Carter*, 9 Kan. 674, syl. ¶ 4.)

When the judgment was attacked on the ground stated, the court, in the furtherance of justice, properly allowed the fact of due publication to be shown, but when this was done the motion to vacate the judgment ought to have been denied.    (*Pierce v. Butters*, 21 Kan. 124; *Lipscomb v. Bank*, 66 Kan. 243.)    In *Pierce v. Butters*, supra, the district court allowed an amended affidavit of publication to be filed after proceedings in error had been prosecuted to this court. The judgment was affirmed notwithstanding the fact that the original affidavit was defective and showed an insufficient publication, which was one of the errors complained of.    The opinion sustains the appellant's contention in this case.

The orders appealed from are reversed, with directions to the district court to deny the motion to vacate the judgment.