No. 43,214

RICHARD D. CHARLTON, SR., *Appellant,* v. D. G. HANSEN, *(Defendant),* COOPERATIVE REFINERY ASSOCIATION and CONSUMERS CO-OPERATIVE ASSOCIATION, *Appellees.*

(383 P. 2d 949)

Opinion filed July 10, 1963.

*George P. Nellans,* of Norton, argued the cause, and *Max W. Foust* and *Marshall W. Lyons,* of Kansas City, Missouri, were with him on the briefs for appellant.

*William H. Stowell,* of Phillipsburg, argued the cause, and *Doris Dixon Stowell,* of Phillipsburg, was with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order overruling a motion to set aside a previous order quashing service upon the appellees after the district court permitted the clerk of the court and the sheriff to amend the issuance date and the returns on the summonses.

On August 7, 1961, the appellant, Richard D. Charlton, Sr., commenced this tort action against D. G. Hansen, Cooperative Refinery Association, and Consumers Cooperative Association. It is conceded that on August 8, 1961, the statute of limitations ran on appellant's cause of action. Personal service of summons was obtained upon all three of the defendants and one of them, D. G. Hansen, entered his general appearance and is not a party to this appeal.

On September 5, 1961, the other two defendants, the appellees Cooperative Refinery Association and Consumers Cooperative As-

sociation, entered their special appearance and filed motions to quash service of summons.

On December 20, 1961, the motions to quash were heard, and during argument the appellees pointed out to the district court that the clerk of the court had improperly dated the summonses when issuing them and that the sheriff had not made his return properly thereon. The appellant concedes that upon the face of the summonses the appellees' contentions were correct and the court did not err in sustaining the motions to quash.

On January 16, 1962, the regular motion day, the appellant orally moved the court for permission to place the clerk of the court and the sheriff upon the witness stand to testify concerning the issuance and service of the summonses upon the appellees in accordance with G. S. 1949, 60-759, and for permission for said officials to amend the date of issuance and the returns on the summonses so they would speak the truth. The court granted the appellant's motion and the witnesses were duly sworn and testified, and in accordance with their testimony the summonses were duly amended.

Thereafter, and on February 2, 1962, the appellant filed a motion alleging that the defects in the summonses had been remedied by amendments made by the clerk of the court and the sheriff and moved the court for an order setting aside the order of December 20, 1961, sustaining the motions to quash service of summons.

The February, 1962, term of the district court of Phillips County commenced on February 5, 1962, and appellant's motion filed February 2, 1962, was first presented to the court on February 13, 1962. The court took appellant's motion under advisement and on April 13, 1962, it was argued by counsel for both parties, particularly with respect to the effect of the termination of the prior term of court in which the motion was filed, and the court overruled the motion to set aside the order of December 20, 1961, sustaining the appellees' motion to quash, hence this appeal.

The appellees' motion to quash was predicated upon ministerial errors on the part of the clerk of the court and the sheriff in the issuance and returns on the summonses served upon the appellees. The parties concede that the ministerial defects were corrected by amendments permitted by the court on January 16, 1962, during the same term of court in which the action was filed and in which the motion to quash was sustained. The parties further concede that G. S. 1949, 60-759, grants plenary power to the district court either

before or after judgment, and in the furtherance of justice, to amend any pleading or process by correcting a mistake in the name of the party or a mistake in any other respect when such amendment does not change substantially the claim or defense. The statute has been held applicable to an amendment of process during the pendency of an action. (*Pierce v. Butters,* 21 Kan. 124, 129; *Weaver v. Lockwood,* 2 Kan. App. 62, 67, 43 Pac. 311; *Wells, Fargo & Co. v. Danford,* 28 Kan. 487, 490; *Harrison v. Beard,* 30 Kan. 532, 2 Pac. 632; *Meyer v. Lane,* 40 Kan. 491, 492, 20 Pac. 258.)

Under the record presented, the original summonses and the service upon the appellees were not void. (*Pierce v. Butters,* supra.) They were correct and proper except for the ministerial errors. The appellant moved to amend the summonses and the returns and the court permitted that to be done pursuant to G. S. 1949, 60-759. When the court permitted the amendments and the summonses were in fact amended to speak the truth so as to show that they were properly issued and regularly served upon the appellees, the then amended summonses related back to the date of the issuance and service of the original summonses. (*Talbott v. Farmers Union Co-op Elevator,* 174 Kan. 435, 256 P. 2d 856; *Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 283 P. 2d 444; *Pierce v. Butters,* supra; *Harrison v. Beard,* supra.) Thereafter, if the appellees had any further objection to the issuance and service of the summonses as then amended, it became incumbent upon them to renew their attack upon the summonses, but they failed to do so.

Since the amended summonses related back to the date of the issuance and service of the original summonses, the order of December 20, 1961, quashing service was rendered inoperative and personal service of summonses upon the appellees following the filing of the plaintiff's action on August 7, 1961, must be regarded as valid service. The judgment is reversed.

SCHROEDER, J., concurring: I agree the order of the lower court refusing to set aside the previous order quashing service upon the appellees, after the district court permitted the clerk of the court and the sheriff to amend the issuance date and the returns on the summonses, should be reversed.

I cannot agree, however, that the burden was upon the appellees to renew their attack upon the summonses. As long as the order

quashing service of summons stands it is final and the appellees are out of the case.

Under all the facts and circumstances here presented the lower court, in my opinion, was arbitrary when it refused to grant the appellant's motion to set aside the court's previous order quashing service. (*Becker v. Roothe*, 184 Kan. 830, 339 P. 2d 292, and cases cited therein.) All parties were before the court at the hearing on this motion. The fact that appellees made only a special appearance does not alter the situation.

Under all the facts and circumstances here presented the passing of the term of court, before hearing the motion which was filed during the term, is immaterial to a decision on the motion. (G. S. 1949, 60-3007, *Third.*)