PHENIX *et al.*, plaintiffs in error, *vs.* CLARK, Supervisor, defendant in error.

Supervisors being *ex officio* assessors of their respective townships, and required by law (*R. S.*, 1846, *page* 91,) to preserve and keep all books, assessment rolls and other papers belonging to their office, have the absolute and exclusive right to the possession of the rolls, and are authorized to bring suits in their official character to recover possession of them.

The affidavit required in actions of replevin to be annexed to the writ before it can be executed, must contain the statement "that the property was not taken for any assessment levied by virtue of any law of this State;" also, "that it was not seized under any execution against the goods and chattels of the plaintiff liable to execution." These averments are made necessary by the statute, without regard to the nature of the property replevied.

Where in the Court below there was no evidence submitted as to the value of the property replevied, and the Court awarded more than nominal damages, the judgment was on that ground held erroneous.

Error to St. Clair Circuit Court.

An assessment roll was taken by the plaintiffs in error from the possession of the defendant in error, who was supervisor of the township of China, St. Clair county: Plaintiffs in error being highway commissioners of said township, and claiming the right to take and keep the roll until they had completed the assessment of the highway taxes of their township, as it was their duty by law to do. Defendant in error

sued out a writ of replevin in the St. Clair County Court, by virtue of
which the roll was taken, and on the trial of the replevin suit, judgment.
rendered for the defendant in error and his damages assessed at fifteen
dollars. The cause was removed by plaintiffs in error to the St. Clair
Circuit, in which Court the judgment of the County Court was affirmed,.
whereupon a writ of error was sued out in this Court. On the argu-
ment in this Court, a question was raised as to the jurisdiction of
the County Courts in actions of replevin; so much of the opinion of
the Court as relates to that question is omitted.

*Van Dyke & `Falkenbury*, for plaintiffs in error.

*W. T. Mitchell*, for defendant in error.

By the Court, PRATT, J.

In this case several questions were mooted by counsel on the argu-
ment, which need not now be considered. There are, however, some
presented by the record, of sufficient importance for consideration,
and upon which the case must be determined.

This action was properly brought in the name of the supervisor, who
was *ex-officio* assessor of his township, and especially required by stat-
ute to preserve and keep all books, assessment rolls, and other papers
belonging to his office, &c.. (*R. S. of* 1846, *p.* 91.) By this provi-
sion he was not only required to preserve and keep the assessment roll
in his office, but officially had the absolute and exclusive right to the
possession of it; and under another provision of the statute, he was
legally authorized and empowered to institute the suit, in his official
character, to recover the possession thereof. (*R. S. of* 1846, *p.* 529,
*Sec.* 1.)

The affidavit attached to, and upon which the writ of replevin in this
case was executed, is not only awkwardly drawn, in view of the clear
and very explicit direction of the statute on the subject, but is legally
defective. The language of the statute is, "that such writ shall not be
executed in any case, unless the plaintiff in the action, or some other
person having a knowledge of the facts, shall make and annex to the
writ an affidavit, stating that the plaintiff in the action, is then lawfully

entitled to the possession of the property described in the writ, and that the same has not been taken for any tax, assessment or fine, levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of such plaintiff, liable to execution, and that such goods and chattels are unlawfully detained by the defendant in such writ." (*R. S. of* 1846, *p.* 546, *Sec.* 7.) The affidavit in this cause does not contain a statement, "that the property was not taken for any assessment levied by virtue of any law of this State;" nor does it contain a statement, "that it was not seized under any execution against the goods and chattels of the plaintiff, liable to execution." The affidavit, therefore, is not in compliance with the requirements of the statute, which are imperative, and cannot be dispensed with.

The nature of the property replevied in this case, is such that the omission in the affidavit might be regarded immaterial, was it not for the positive requirements of the law, and which were expressly intended by the Legislature to apply indiscriminately, to every action of *replevin,* whether brought in a justice's Court, or a Court of record, and they cannot be altered or in any manner disregarded by Courts. The action of replevin is created, jurisdiction conferred, and the whole course of proceeding pointed out and regulated by the statute; and if the plaintiff below could not make the required affidavit, he was not legally entitled to the benefit of the action.

There is another fatal error in this case. The Court could not legally award to the plaintiff below any more than mere nominal damages, without proof. On the trial below, no evidence of any kind whatever was submitted or offered on this branch of the case; and yet the Court rendered a judgment for fifteen dollars damages. The statute provides that "if upon the trial of the cause, the verdict be in favor of the plaintiff, the same jury shall assess the damages which he has sustained by the unlawful taking and detention, or by the unlawful detention of the property; but if judgment passes for the plaintiff by default or upon an issue of law, the damages may be assessed by the Court in the same manner as in personal actions." (*R. S. of* 1846, *p.* 549, *sec.* 28.) This provision of the statute clearly contemplates not mere nominal damages, but such actual damages as the plaintiff has in fact sus-

tained by reason of the taking and detention, or the unlawful detention of the property; and they are not to be inferred, but must be proved. A jury is not authorized in such a case, to assess actual damages without proof; nor is a Court in personal actions, where judgment passes for the plaintiff by default or on demurrer, authorized to assess his damages without proof. In the case under consideration, the action was brought by the plaintiff below, in his official character, to recover a certain assessment roll—a paper belonging to his office. The paper was recovered; and what damages could he have officially sustained by reason of the temporary detention of it by the defendants? Not any; but if he did, he was legally required to prove it. There was no legal presumption arising upon the subject independent of proof. And if without proof, the Court could have rendered a judgment in the case for fifteen dollars damages, why not for two hundred and fifteen? There is no legal ground upon which such a principle, in adjudicating and settling personal rights, can be tolerated.

The judgment below therefore, upon the two last points, must be reversed.