## CURE v. WILSON.

Replevin: PETITION MUST BE VERIFIED. The petition in an action of replevin commenced before a justice of the peace, must be sworn to as provided by statute; and a petition not thus verified does not authorize the issuing of the writ.

*Appeal from Henry District Court.*

FRIDAY, JUNE 26.

WRIT of error issued by the District Court to a justice of the peace. On the hearing in the District Court, the action of the justice of the peace was affirmed. The plaintiff in this proceeding, who was the defendant in the original action before the justice, now appeals to this court. The facts are stated in the opinion.

*L. G. Palmer* for the appellant.

*Vancise & Ghost* for the appellee.

COLE, J.—Wilson brought an action of replevin against Cure before a justice of the peace. The following is a

REPLEVIN: petition must be verified.

copy of the paper which was called the petition in replevin, to wit:

"STATE OF IOWA, HENRY COUNTY, } *ss.*
        January 21st, 1867.

" Jefferson Wilson makes oath before me, Allen Bowers, a justice of the peace in and for said county, and says, that William Cure, of Jackson township, has wrongfully taken and detained from him a certain estray heifer, without complying with the requirements of the law, said estray heifer having been taken up by Jefferson Wilson on the 12th day of December, 1866; damages claimed, ten dollars.          JEFFERSON⋆ WILSON."

A writ of replevin was issued and the property was taken from Cure and delivered to Wilson. On the return day, Cure appeared before the justice and moved to quash the writ, order a return of property and dismiss the suit, for the reason that the petition was not sworn to, did not contain the requisites of a petition, and for many other causes

Cure v. Wilson.

assigned in the motion. This motion was overruled by the justice. The defendant, Cure, declined having any-thing further to do in the case, and thereupon, without proof, the justice gave judgment in favor of Wilson, for the property and the damages claimed.

Cure then sued out his writ of error, and, upon the hearing in the District Court, the action of the justice was affirmed, and judgment entered accordingly. The plaintiff, Cure, prosecutes this appeal therefrom.

It is true, as the appellee's counsel argues, that pro-ceedings before justices of the peace are to be liberally construed, and every fair and reasonable intendment may be indulged in to sustain and effectuate them. But imperative statutory requirements cannot be dispensed with, nor their absence excused. The requirement of an oath to the petition in replevin, before property can be rightfully taken from one person and delivered to another, is not only expressly, but wisely, enacted by our statute. The petition in replevin before the justice is very defec-tive (see Rev. § 3553), in substance; and, even if these defects could be otherwise disregarded, it is very evident that in the absence of any *jurat*, or other showing that it was properly verified, the writ could not legally issue, nor be sustained if issued. The right to amend the peti-tion so as to obviate all the objections to it, doubtless existed; but the plaintiff did not ask to amend. He stood by his petition and proceedings. We hold that the motion to quash should, under the circumstances, have been sustained by the justice, and that the District Court erred in not reversing his ruling thereon. The judgment of the District Court is, therefore,

Reversed.