JAMES B. PAUL v. HORATIO F. HODGES.          $\begin{array}{cc} 26 & 225 \\ 40 & 492 \end{array}$

REPLEVIN; *Affidavit, Fatally Defective.* An affidavit for an order of de-
livery in an action of replevin, which sets forth the requisite averments
required by ¿ 177 of the code, excepting that there is omitted therefrom
the statement that the plaintiff "is entitled to the immediate possession
of the property," and no words equivalent are used, is fatally defective.

### Error from Rice District Court.

REPLEVIN brought by *Hodges* against *Paul*, to recover the
possession of an Illinois Haines header. At the June Term,
1880, the court overruled the defendant's motion to set aside
the affidavit and order of delivery, because of the insufficiency
of the affidavit filed in the case. This ruling the defendant
brings here for review.

*W. J. Fuller*, and *J. H. Pierce*, for plaintiff in error.

*Houk, Brown & Zimmerman*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of replevin, brought
by Hodges against Paul. To obtain an order for the delivery
of the personal property, the plaintiff filed his affidavit con-
taining the requisite averments, excepting that he omitted
therefrom the words that "he is entitled to the immediate
possession of the property." Afterward, defendant presented
his motion to quash and set aside the affidavit and order of
delivery, because of the insufficiency of the affidavit filed in
the case. The court overruled the motion, and herein com-
mitted error. Sec. 177 of the code, among other things, re-
quires that the affidavit shall state that the plaintiff is entitled
to the immediate possession of the property. This is omitted,
and no other equivalent words are used as a substitute. For
all that appears in the affidavit, the plaintiff had no right to
the immediate possession to the property, and therefore was
in no condition to maintain the action of replevin. The de-

15 — 26 KAS.

fendant may have wrongfully detained the property from some one, but the statement in the affidavit that the plaintiff was the owner thereof, does not show the property was wrongfully detained from him. It may have been leased, or in other ways in the rightful possession of a third person. Hence, the necessity of the statement that the plaintiff is entitled to the immediate possession of the property before any order of delivery shall issue.

The order of the court below, overruling the motion to quash and set aside the order of delivery, is reversed, and the cause remanded.

All the Justices concurring.