R. L. McDONALD, *et al.*, v. SAMUEL W. GAUNT.

FRAUD; *Not a Bona Fide Purchaser.* Where a creditor purchases of his debtor a stock of goods and merchandise of different classes, and easily separable, of the value of $2,350, $1,600 of which he pays by the surrender of notes held by him against the debtor, and the remainder of $750 in money, and the debtor transfers all his goods and merchandise with the direct intention to defraud, hinder and delay his other creditors, the purchase by the creditor cannot be upheld, if he is cognizant of and privy to the fraud of the debtor which he intended to perpetrate upon his other creditors. *Held further,* That if in the transaction the creditor had no actual knowledge of the fraud or notice of the fraudulent design of the debtor, yet if the circumstances surrounding his purchase were such as would put a prudent man upon inquiry, which if prosecuted diligently would disclose the fraud, he cannot be deemed a *bona fide* purchaser in good faith.

### *Error from Rawlins District Court.*

ACTION by *Gaunt* against certain officers to recover the possession of a certain stock of goods. Trial at the April Term, 1883, and judgment for the plaintiff. The defendants bring the case to this court. The opinion states the facts.

*C. Angevine,* for plaintiffs in error.

*Lewis G. Parker,* and *Louis K. Pratt,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of replevin, brought by the defendant in error against certain officers in Rawlins county holding orders of attachment, which they had levied upon a stock of goods at the instance of the plaintiffs in error, claimed by the latter to belong to one G. W. Gaunt. The plaintiffs in error, as attaching creditors, were substituted as defendants in the action.

It was shown in the case that on and prior to the 16th day of February, 1882, the said G. W. Gaunt kept a store of general merchandise at Atwood, in said county; that on the said 16th day of February he had on hand goods to the value of about $2,350; that on said date the defendant in error, the

brother of G. W. Gaunt, claimed to have purchased all of the stock of goods for the sum of $2,350, $750 of which was paid in cash, and the remainder in two notes held by the defendant in error against his brother, which with interest amounted to over $1,600; that at this date G. W. Gaunt executed to Samuel W. Gaunt, the defendant in error, a bill of sale for the goods; that the defendant in error took possession of the same at the date of the bill of sale, and held possession thereof until March 13th, 1882, when the goods were levied upon under attachments.

The question before the trial court and jury was as to the validity of the sale made by G. W. Gaunt to defendant in error, Samuel W. Gaunt. Judgment was rendered in the trial court in favor of the defendant in error and against the plaintiffs in error.

The motion for a new trial only set forth that the verdict was contrary to the weight of evidence and the law, and that the trial court erred in directing the jury; therefore we cannot consider the questions presented concerning the admission and rejection of evidence. If any errors were committed in the admission and rejection of evidence, they were errors of law occurring at the trial, which were waived when not presented in the motion for a new trial.

One of the instructions complained of is as follows:

"The plaintiff claims, in his evidence, that he purchased the property of G. W. Gaunt before the commencement of this action to satisfy a debt due him from said Gaunt, contracted in good faith before the commencement of this action. Upon this claim, the following is the law: When a person purchases goods with the knowledge that the person from whom he purchases intends, by the sale, to defraud his creditors, or hinder or delay them in the collection of their debts, such purchaser will not be affected thereby, if he takes the goods in good faith, in payment for an honest debt. The creditor violates no rule of law when he takes payment of his debt, though he knows that other creditors are thereby deprived of all means of obtaining satisfaction for their equally meritorious claims. Therefore, if you believe from the evidence that G. W. Gaunt sold the property, or any

part of the same, to the plaintiff in this case, for the purpose of paying a debt honestly contracted and due the said plaintiff from said G. W. Gaunt, then such sale would not be fraudulent as to the plaintiff, for the amount of such indebtedness, even though said plaintiff knew, or had reason to know, that said G. W. Gaunt intended by such sale to defraud his creditors, or hinder or delay them in the collection of their claims against said G. W. Gaunt."

This instruction, under the circumstances of this case, was erroneous and misleading. It has been frequently held in this court that a debtor has a right to prefer one creditor over another, and that the vigilant creditor is entitled to the advantage secured by his watchfulness and attention to his own interests. (*Randall · v. Shaw*, 28 · Kas. 419, and cases cited.)

Again, one creditor has a right to demand and receive the property of his debtor in payment, though he may know that he will thereby withdraw the means of satisfying other creditors, and although the immediate inducement for receiving such payment be the fear or the knowledge that if he do not thus act, other creditors will intervene, and · by the prosecution of their legal remedies or otherwise, deprive him of the means of satisfaction. The utmost good faith required of the creditor in seeking or receiving this advantage is, that he shall act with the real view to the security of his own actual debt; that he should allow adequate prices for the property, and that he shall not hold it for the debtor's benefit. (*Ford v. Williams*, 3 B. Mon. 550.) We have no inclination to overturn this well-settled doctrine.

In this case the creditor did not demand and receive property of his debtor sufficient merely to pay his claim: he alleges that he purchased all the stock of goods set forth in the bill of sale, consisting of several different classes, viz., groceries and provisions, tobacco and cigars, ready-made clothing, notions, queensware and cutlery, dry goods, boots and shoes, fixtures, counters, etc.

Where the debtor's property is easily separable, as in this case, if the creditor receives the same in excess of the amount

of the indebtedness, and pays the difference in money, and is privy to the fraudulent design of the debtor to transfer all his property with the direct intention of defrauding his other creditors, the purchase is fraudulent *in toto*, and cannot be supported to any extent as against such creditors. (*Little v. Eddy*, 14 Mo. 160. See also *Wallach v. Wylie*, 28 Kas. 138.)

We may go further, and say that if the creditor in a case of this kind has no actual knowledge of the fraud, or notice of the fraudulent design of the debtor to transfer all his property with the direct intention of defrauding his other creditors, yet if the circumstances surrounding his purchase are such as would put a prudent man upon inquiry, which if prosecuted diligently would disclose the fraud, he cannot be deemed a *bona fide* purchaser in good faith. "Knowledge of facts sufficient to excite the suspicions of a prudent man and put him upon inquiry, is a general proposition, equivalent to knowledge of the ultimate fact." (*Phillips v. Reitz*, 16 Kas. 396; *Baker v. Bliss*, 39 N. Y. 70.)

Where property is transferred by the debtor to the creditor in satisfaction of an indebtedness, although the purchase exceeds the amount of the indebtedness, still if the excess is reasonably necessary for obtaining the lawful purpose of satisfying the actual debt, the purchase to the whole extent may be attributed to the motive of self-interest, and therefore the mere fact of the excess does not of itself invalidate the transaction. (Bump on Fraudulent Conveyances, 192.) Under the charge of the court, even if the defendant in error was cognizant of and privy to the fraud which his brother, G. W. Gaunt, intended to perpetrate upon his other creditors, the jury were justified in finding the sale a valid one for the amount of the indebtedness. Such is not the law. The defendant in error could not make the purchase of the stock of goods in controversy, even to secure himself, with the further object and effect of defrauding, hindering and delaying other creditors in respect to the excess of property over his debt. If, however, the purchase was ancillary to the main object of saving his own debt, and was not fraudulent in actual intent,

and was made with the caution and diligence which an honest man would ordinarily exercise, the purchase ought to be sustained.

Counsel for the defendant in error suggest that the instructions given could not have been misleading, because they allege it was not shown by the testimony that G. W. Gaunt had other creditors to defraud, hinder or delay, at the date of the transfer of his stock of goods. We think there is evidence in the record tending to show this fact.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.