## MEYER BROS. *et al.* v. DANIEL LANE.

1. REPLEVIN — *Affidavit — Amendment.* The original affidavit in replevin may be amended so as to state sufficiently what is already stated therein indefinitely.

2. PARTIES — *Legal Incapacity — Waiver of Defect.* If a defendant, by his demurrer or answer to the petition of a plaintiff, does not present to the trial court the legal incapacity of the plaintiff to sue, such defect is waived by him.

3. ——— *Batchelor v. Walburn*, 23 Kas. 733, followed.

### Error from Shawnee District Court.

REPLEVIN, by *Lane* against *Meyer Bros.* and others. Judgment for the plaintiff, at the January term, 1887. The defendants bring the case to this court. The facts sufficiently appear in the opinion.

*Frank Herald*, for plaintiffs in error.

*Waters, Chase & Tillotson*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced by Daniel Lane against Meyer Bros., S. C. Lang & Co., *et al.*, to obtain possession of a stock of drugs and fixtures valued at $1,000. An affidavit was filed by Geo. S. Chase, the attorney of Lane, and an order of delivery obtained, and the property turned over to him.    Meyer Bros. *et al.* filed a motion to set aside the order of delivery upon the ground that the affidavit did not state that the plaintiff was the owner of the property, and entitled to its immediate possession.    The affidavit was defective, but subsequently Geo. S. Chase, an attorney of Daniel Lane, filed an amended affidavit relating back to the time of the filing of the original.    This affidavit cured all defects in the original affidavit, if such defects could be cured by amendment; but also stated that the plaintiff Daniel Lane, was a minor, being under twenty-one years of age.    Thereupon Meyer Bros. *et al.* filed their motion to strike out the amended affidavit, on the grounds that the plaintiff had no legal capacity to sue, and that the affidavit was not amendable.    The motion was overruled, and the defendants excepted.

We think that an original affidavit in replevin may be amended so as to state sufficiently what has already been stated informally and indefinitely. (*Burton v. Robinson,* 5 Kas. 287; Civil Code, § 139.)   In *Paul v. Hodges,* 26 Kas. 225, no application was made to file an amended affidavit, and no amended affidavit was filed.    When an affidavit for an order for the delivery of property is insufficient, it is the duty of the court upon motion of the defendant, to set the order aside, unless the plaintiff, within a reasonable time to be fixed by the court, makes the affidavit sufficient by amendment. This should have been done by the court when the first motion was filed.    But as the affidavit was subsequently amended so as to cure the defective statements in the original, and as thus amended it was satisfactory to the court, no material error was committed in not sustaining the first motion.    Even if the second affidavit and the order of recovery should have

been set aside because Lane, the plaintiff, was a minor, the subsequent action of the defendant waived the legal incapacity, and therefore rendered the error of the court, if any, immaterial.

The defendant may demur to the petition when it appears on its face that the plaintiff has no legal capacity to sue. When this defect does not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived all defects, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action. (Civil Code, §§ 89, 90, 91.) After the defendants had been notified by the affidavit of Chase that the plaintiff Lane was a minor, they filed an answer to the petition, containing a general denial only; they thereby waived the legal incapacity of the plaintiff to sue. Again, this action has gone into judgment in favor of the plaintiff, and as an action for the recovery of specific personal property may be maintained in the district court, although no order for the delivery of the property before judgment is issued, we cannot perceive that the defendants are prejudiced in any way by the action of the court in refusing to strike out the amended affidavit. (*Batchelor v. Walburn*, 23 Kas. 733.) No exceptions were taken in the trial court to the instructions given, and therefore, even if they were erroneous, we cannot reverse the judgment.

The defendants, Meyer Bros. *et al.*, asked for four instructions only. These were refused, but the second and third were substantially given in the charge of the court. The first instruction, as to the minority of the plaintiff, we need not comment upon, as the defendant did not, in his answer, allege any legal incapacity on the part of the plaintiff to sue. The third instruction was very loosely drawn, and was not sufficiently qualified. Instead of stating "if the plaintiff could have learned the intent of the parties," etc., it should have recited "if the circumstances surrounding the purchase

were such as would put a prudent man on inquiry," etc. (*McDonald v. Gaunt*, 30 Kas. 693.)

As the instructions given to the jury cannot be considered or reviewed, on account of failure to make any exceptions thereto, further discussion is unnecessary.

The judgment of the district court will be affirmed.

All the Justices concurring.