MEDORE MARTIN & CO. v. EDWARD MARSHALL, *as*
*Sheriff of Cloud County.*

FRAUDULENT SALE—*Knowledge of Purchaser.* Where a purchaser obtains a stock of goods of a debtor who is making the sale with the fraudulent intent of delaying and defrauding his creditors, and is a party to the fraud, or has knowledge of facts sufficient to excite the suspicions of a prudent man and put him upon inquiry, he cannot be said to act in good faith.

*Error from Cloud District Court.*

IN December, 1888, and early in January, 1889, Edward Pelletier and George Pelletier were engaged in the retail grocery business in Concordia, under the firm name and style of

Pelletier Bros., and were largely indebted to wholesale and jobbing houses, and much of this indebtedness was past due. They were being urged by their creditors to pay the demands owing by them.   Neither of them owned any property subject to execution other than this stock of groceries.   Early in January, 1889, when pressed by their creditors, Pelletier Bros. made various promises to pay money on their demands, but failed to do so.   On January 3, 1889, they made a pretended sale of all their stock of goods to John Martin and Medore Martin, partners as Medore Martin & Co., receiving, as the Pelletiers and Martins state, $200 in cash, a deed to some property in Concordia, which was at the time mortgaged, and a note for $500, then in litigation in the courts of Arkansas.   Attachments were levied by some of their creditors upon this stock of goods, and judgments were obtained against Pelletier Bros.   The goods were sold, and the money received from the sale of the goods applied in part payment of the judgments and costs.   On January 22, 1889, this action was brought by Medore Martin & Co. against the sheriff, Edward Marshall, to recover $5,000 damages.   The case was tried by court with a jury.   The jury returned a verdict for the defendant, and judgment was entered thereon.   The plaintiffs bring the case here.

 J. W. Sheafor, for plaintiffs in error.
 Caldwell & Ellis, and Theo. Laing, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Martin & Co. claim that on the 3d day of January, 1889, they purchased of Pelletier Bros., at Concordia, a stock of groceries, fixtures, etc., for $2,500.   Edward Marshall, as sheriff of Cloud county, levied on the property under attachments in his hands from creditors of the Pelletier Bros.   The question tried in the court below was as to the validity of the sale claimed to have been made by Pelletier Bros.   It appears that on the afternoon of January 3, 1889, there was a pretended sale of the property,

evidenced by an agreement in writing signed by the parties. This agreement provided that the Pelletier Bros. were to accept as part payment for the stock of goods, etc., the south half of block three, in Gaylord & Matthews' addition, in the city of Concordia, subject to a mortgage of $800, and a note given by Preston L. Williams for $400. After an inventory of the goods had been taken, the balance due upon the inventory was to be paid in cash. The inventory was completed in the forenoon of January 4, 1889. It shows that the goods at cost price were worth about $2,700. The Pelletiers agreed to take $2,500. The lots in Concordia were to be taken by them at the value of $1,800, subject to the mortgage of $800, and the Williams note, with interest, as $500. The balance, of $200, was paid in cash.

The lots in Concordia were worth only $700 or $800 — not more than the mortgage. The note of $500 was not only clouded with litigation, but one of the Pelletier Bros. knew that the maker alleged in his defense that it was obtained fraudulently. The Pelletiers, at the time of making a sale of the stock, were heavily indebted to their creditors, who were pressing them for payment, and the evidence clearly shows that the sale was made by them with the fraudulent intent to delay and defraud their creditors. That good faith is essential to support the sale, cannot be questioned. If Martin & Co. knew of the fraudulent intent of the Pelletiers, and bought with that knowledge, they cannot claim to be *bona fide* purchasers. "Knowledge of facts sufficient to excite the suspicions of a prudent man and put him upon inquiry is, as a general proposition, equivalent to knowledge of the ultimate fact." (*Phillips v. Reitz*, 16 Kas. 396; Tied. Sales, § 329; *Schulein v. Hainer*, 48 Kas. 249.) There is ample evidence in the record tending to show that the property turned over to the Pelletiers by Martin & Co. as part payment for the stock of goods, etc., was not worth one-half the sum for which it was accepted. Martin & Co. did not allow adequate prices for the property purchased, and in view of all the evidence the jury were justified in finding that

they did not act in good faith. (*McDonald v. Gaunt*, 30 Kas. 693; *Lewis v. Hughs*, 49 id. 23.) The trial court charged the jury sufficiently upon all the material propositions of law involved in the case.

Various objections are presented in the briefs concerning the reception and rejection of evidence. We have examined all of these questions carefully, but find no material error contained therein. The invoice offered was competent evidence and ought to have been received, but witnesses were permitted to describe the goods referred to and to state the amount of the invoice. Further, it appears that the Pelletier Bros. finally agreed to sell the stock in bulk for $2,500. The invoice, therefore, was not important. It is not necessary to comment upon the other matters referred to in the briefs. The judgment of the district court will be affirmed.

All the Justices concurring.