## KIMMITT v. DEITRICH.

In an action of claim and delivery, the affidavit and process, with the officer's return, are admissible in evidence to show who had possession of the property at the time of the trial.

The ancillary process issued in claim and delivery, and the return thereon, is admissible in evidence on the trial, though the return was not filed within 20 days, as provided by law.

The purpose of the action of claim and delivery is to determine the right of possession of the property at the commencement of the action.

The fact that plaintiff in claim and delivery obtained possession of the property before trial does not entitle defendant to a direction of the verdict, as the action must proceed to determine who is entitled to costs, and whether or not defendant is entitled to have the property returned to him.

(Opinion filed, February 10, 1909.)

Appeal from Circuit Court, Edmunds County. Hon. LORING E. GAFFY, Judge.

Action of claim and delivery by John Kimmitt against Fred A. Deitrich. Plaintiff had judgment, and defendant appeals. Affirmed.

*Albert Gunderson* and *C. H. Barron*, for appellant. *G. N. Williamson* and *John F. Sheran*, for respondent.

WHITING, J. This cause comes before this court upon an appeal from the judgment of the circuit court, and from the order denying a new trial. The plaintiff and respondent brought this action against the defendant and appellant, seeking to recover the possession of certain horses and colts. This was an ordinary action in claim and delivery, and the ancillary process provided by law was issued, and under said process the stock in question was returned to the possession of the plaintiff prior to the trial in the lower court, and prior to the date of defendant's answer. There appears on file herein appellant's abstract, respondent's additional abstract, and appellant's reply abstract. These several abstracts raise a question of fact as to what is the proper record before this court; but, inasmuch as under the views we take of this case it is unnecessary to consider anything more than what is admitted by both sides, we will not go into the question as to whether or not those things contained in respondent's additional abstract, and

which are disputed by appellant, are properly a part of the record herein.

It appears that the plaintiff claimed the right to possession through the ownership of the property in question. The defendant, after making a general denial, alleged the right to possession, for the reason that said stock had been taken up by him while the same were trespassing upon, and after the same had done damage to, his premises, and that afterwards he had been to certain expenses and damages by way of advertising and caring for the property in question. Upon the trial the plaintiff introduced evidence showing that he was the owner of the property, the value of the property, that the property had been taken by the defendant, and that demand had been made for the same prior to the commencement of this action. The plaintiff then offered in evidence Exhibits A and B, being the usual affidavit and notice in claim and delivery, and the undertaking given to the sheriff in connection therewith. Exhibit A also contains the sheriff's return on said affidavit and notice. The defendant objected to the offer of this testimony, upon the sole ground that the sheriff had not made and filed his return within the 20 days fixed by statute. The court overruled the objection, and received these exhibits in evidence. Plaintiff then rested his case, and the defendant moved the court for a direction of verdict, on the ground that plaintiff had failed to make out a prima facie case, and that he had failed to establish a right to recover the property. The defendant claimed that the evidence as it then stood showed that the stock was trespassing on defendant's land, and that there was no evidence that they were being withheld by defendant without due authority on his part. There was nothing in the record to support this motion, and no error is now claimed for overruling the same. Defendant also asked a direction of a verdict on the ground that it appeared that prior to the trial plaintiff was in possession of the property in question, and that said property came into plaintiff's possession without any lawful process in claim and delivery, or any lawful action on the part of any officer upon a requisition in claim and delivery, and that plaintiff, by taking possession of the stock before trial, had placed the defendant in a position where he could not

respond to a judgment for the return of the property or its value. The court denied this motion, and further evidence was offered by both the defendant and plaintiff. The errors relied upon by the defendant as assigned in his abstract are restricted to the admission of Exhibits A and B in evidence, and to the point that, plaintiff having taken possession of the property before trial, and having thus placed defendant where he could not respond to a judg-ment for possession, the court should have directed verdict against him.

As to the admission of Exhibits A and B, we cannot see wherein these exhibits, including the return of the sheriff on Exhibit A, were at all material in order to establish plaintiff's claim; the only possible object being to show that plaintiff, at the time of trial, had the possession of the property, and that, therefore, a verdict in his favor would not need to recite the value of the property. It must be remembered that this action is simply to determine who had the right to the possession at the time of the commencement of the action, and the value of the property, where the same is found to be in the possession of the party not entitled thereto, and the plaintiff, having offered testimony undisputed that the property belonged to him, and that it had been taken by the defendant, and that he had made demand for the return of the same, as well as proof of the value, had made out his prima facie case. The admission of these exhibits, therefore, was absolutely immaterial, except to show where the possession was at the time of trial, and a direction of verdict would have had to have been refused with these exhibits excluded. The record not showing that it was admitted that plaintiff had regained possession, it certainly was proper, even though unnecessary, to show this fact in order that the verdict, if for plaintiff, need not find value of the property. Was the ancillary process and return inadmissible because return was not filed in 20 days? The failure of the sheriff to make his return could certainly not prejudice plaintiff's rights, although they might render the sheriff liable. We can see no reason for excluding said exhibit. But as we have stated before, without these exhibits at all plaintiff had made out a prima facie case, making it necessary for the court to overrule the motion to direct verdict; and, even

if the admission of the exhibits had been error, it would have been error without prejudice.

The defendant urges further that, as it appears from the evidence that before the trial plaintiff had recovered possession of the property, and not through any lawful process, verdict should have been directed for defendant, because defendant had been put in a position where he could not respond to judgment for possession. The defendant clearly misapprehends the nature of the action in claim and delivery. As we have already stated, it is to determine the right of possession at the time the action was started. Ancillary process is entirely unnecessary, but if by such process, or through any other means, the property in question is returned to the possession of the plaintiff, the action must proceed for the purpose of determining who is entitled to costs, and also to determine whether or not defendant is entitled to have the property returned to him. The defendant himself by voluntarily returning the property before answering could not defeat the plaintiff's right to have an adjudication on right of possession so as to recover lawful costs. It is therefore clear that in this action it was not only immaterial whether it was by a legal or illegal proceeding that plaintiff regained the possession of this property, but it was also immaterial as to whether he had regained the possession at all in so far as it affected the right of the court to direct a verdict herein.

For the reasons herein stated, the judgment of the lower court and the order denying a new trial are affirmed.