ABEL v. TEETS, Constable.

In claim and delivery a motion to dismiss for defects in the affidavit to obtain possession of the property was properly denied; such affidavit being ancillary, and not jurisdictional.

In claim and delivery, where the only issue is that of ownership, and there is evidence from which the jury might find that plaintiff is the owner, the denial of a directed verdict is proper.

(Opinion filed, February 29, 1912.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Roy Abel against H. C. Teets, as constable of Beadle county. From a judgment for plaintiff, defendant appeals. Affirmed.

*A. W. Wilmarth,* for appellant.  *T. M. Simmons,* for respondent.

WHITING, J. This is an action in claim and delivery to recover the possession of a horse which plaintiff alleged was

wrongfully withheld from him by defendant acting as constable. Plaintiff made the affidavit and furnished the bond provided for by statute to entitle him to the possession of the horse pending the suit. The possession of said horse was taken from defendant and delivered to plaintiff, defendant failing to give a redelivery bond, and the horse was still in the possession of plaintiff at the time of the trial. Defendant, answering, alleged the recovery of a judgment by one B. against one J. E. Abel; that, by virtue of an execution issued upon said judgment, he had levied upon said horse as the property of such judgment debtor; and that it was under said levy that he was holding the horse at the time of the commencement of this action. Defendant further alleged that J. E. Abel, and not the plaintiff, was owner of the horse at the time of the levy. Defendant pleaded many facts purely evidentiary in their nature, and the plaintiff by way of reply to and in explanation of such evidentiary facts pleaded by defendant himself pleaded many facts purely evidentiary in character. The only issue under the pleading herein was that as to the ownership of the horse at time same was levied on by defendant. After the jury were sworn for the trial of the cause, the defendant moved for a dismissal of the action upon the ground that the affidavit upon which plaintiff obtained the possession of the horse was defective in certain particulars. After plaintiff rested his case and also after all the evidence had been submitted, the defendant moved for a direction of verdict and for judgment, basing such motion upon the alleged defect in such affidavit, and further, because "the undisputed evidence shows that this horse was in possession of J. E. Abel, and was being led out for sale under a sale bill in which he had advertised the horse for sale, with the consent and approval of the plaintiff, the said levy made upon a writ of execution in the hands of the defendant for service, and that the defendant was holding the horse under said levy as constable at the time it was taken from him, and that the said J. E. Abel was holding out to the world that this horse was his property with the consent of the plaintiff." The trial court denied the above motions ,and, the cause having been submitted to the jury, a verdict was returned in favor of plaintiff and judgment entered

thereon. Defendant appealed, and the only assignments of error are to the effect that the trial court erred in denying each of the motions mentioned above.

[1] Appellant has overlooked the fact that, under the statute of this state, the action for claim and delivery is one not depending in any respect upon the issuance of the affidavit, and proceeding thereunder is purely ancillary, and in no manner affects the jurisdiction of the court to determine the issues as to the right of possession and damages. If, pending the action, possession of the property is obtained by plaintiff in any manner whatsoever, whether by rightful or wrongful means, and such possession held at time of trial, the only effect will be that there will be no judgment for possession and for value of property, if possession cannot be obtained, unless defendant shall recover judgment, and if, as in this case, judgment is for plaintiff, his judgment would be affirming his possession and for such damages, if any, as he might recover for the unlawful detention up to the time that he gained possession.

Defendant has cited several authorities in support of his contention that the court should have dismissed the action upon account of the defect in such affidavit. An examination of such authorities will reveal the fact that they are not in point. The case of Wagner v. Olson, 3 N. D. 69, 54 N. W. 286, rightly holds that the affidavit should contain allegations covering the facts which the statute requires to be shown. In the case of Westenberger v. Wheaton, 8 Kan. 169, the question raised was in regard to the sufficiency of the pleadings, and the validity of the affidavit was not involved. In Bardwell v. Stubbert, 17 Neb. 485, 23 N. W. 344, the court held: "The affidavit required by statute  *  *  *  is the complaint of the common law,  *  *  *  and is a prerequisite to the issuing of the order of delivery, and without it the order will be a nullity if issued." Defendant has cited Phenix v. Clark, 2 Mich. 327, but an examination of that case and the statute upon which it rests discloses the fact that at the time of such decision an action of this nature was commenced by the writ for possession; such writ being based upon an affidavit filed with the clerk.

Of course, under such a statute, the jurisdiction of the court over the action itself depended upon the sufficiency of the affidavit. See Howell's Ann. St. 1882, §§ 8320, 8321. Defendant has also cited the cases of Cure v. Wilson, 25 Iowa, 207, Paul v. Hodges, 26 Kan. 225, and Meyer v. Lane, 40 Kan. 491, 20 Pac. 258. An examination of these cases reveals the fact that in each one the sufficiency of the affidavit was raised upon a motion for an order vacating the order for possession. In these states the affidavit is filed with the clerk of the court and the order is signed by the clerk, and it was held that, upon motion, the court would set aside such order and restore the possession of the property to the defendant where plaintiff's affidavit was defective. It will be noted, however, that the setting aside of the order would in no manner affect the action itself, but only involves the possession of the property pending the action. If, in the case at bar, defendant had sought a restoration of the property pending the determination of the action and had based a motion therefor upon the fact that plaintiff's affidavit was defective, then all of the authorities cited would have been in point. Yet, if such had been his motion and the same had been wrongfully overruled by the trial court, the defendant, upon appeal after judgment rendered in behalf of plaintiff, would be in the position of the defendants in the case of Meyer v. Lane, supra, wherein the court said: "This action has gone into judgment in favor of the plaintiff, and, as an action for the recovery of specific personal property may be maintained in the district court, although no order for the delivery of the property before judgment is issued, we cannot perceive that the defendants are prejudiced in any way by the action of the court in refusing to strike out the amended affidavit." This court has had occasion to pass directly upon the proposition involved in this assignment. In the case of Kimmitt v. Deitrich, 22 S. D. 590, 119 N. W. 986, after calling attention to the fact that the making of the affidavit by plaintiff and procuring possession of the property thereunder was a proceeding purely ancillary in its nature, it was said: "Ancillary process is entirely unnecessary, but if by such process, or through any other means, the property in question is returned to the possession of the plaintiff, the

action must proceed for the purpose of determining who is entitled to costs, and also to determine whether or not defendant is entitled to have the property returned to him." The court was clearly right in denying this motion.

. [2] The other motion for direction of verdict and judgment was aimed at the sufficiency of the evidence to sustain plaintiff's cause of action. From the wording of the motion it might seem that the defendant considered plaintiff estopped by the facts stated therein, but there is nothing in this case raising any question of estoppel. The sole issue was as to the ownership of the property, and there was ample evidence to show that plaintiff was the owner of the property; that he had turned the possession thereof over to his brother, J. E. Abel, who was about to hold a public sale, and had asked him to advertise this horse for sale along with his property; that, when the horse was about to be sold, defendant attempted to levy upon him under the execution against said J. E. Abel; that he was then and there advised by plaintiff that said horse was the property of plaintiff. There being testimony upon which the jury might find plaintiff to be the owner of the property and as such entitled to the possession thereof as against defendant, the court was clearly right in refusing to direct a verdict for defendant.

The judgment of the trial court is affirmed.